Ferman HARTER, Plaintiff
and Appellant,

v.

CITY OF COLOME, a municipal corporation, Defendant and Appellee.

No. 13172.

Supreme Court of South Dakota.

Considered on Briefs Feb. 18, 1981.

Decided Sept. 16, 1981.

Stanley F. Whiting of Day, Grossenburg & Whiting, Winner, for plaintiff and appellant.

Ruben G. Maulis and Donald E. Covey, Winner, for defendant and appellee.

PER CURIAM.

Ferman Harter, (appellant), brought this negligence and breach of contract action against the City of Colome, (appellee), after he was the high bidder at a public auction. Appellee's motion for summary judgment was granted. We affirm.

This case comes to us on an agreed statement of the record. SDCL 15–26A–55. In 1977, appellee declared as surplus approximately 40 acres of land that it once used as a well field; in recent years appellee leased most of the land to appellant to cut the hay crop. The notice of sale published by the city erroneously described the land as being in section thirty-two of a government survey. The land was actually located in section thirty-one. At the first public auction, appellant bid $10,000 and thereafter received a deed that purported to convey the erroneously described property. In the process of title examination, appellant's attorney discovered the error in description. Appellant's attorney and appellee agreed that appellee would readvertise the land through a notice of sale correctly describing the property. At the second public auction, appellant bid $12,000; the property was conveyed to him by a deed containing the correct description. Appellant brought this action claiming $2,334.85 damages, the difference between the amount he bid at the first auction and the amount he had to pay at the second auction in addition to other costs incurred.

Appellant contends that the sale of appellee's property was a proprietary function preventing appellee from raising the de-

**166**

fense of sovereign immunity. If the first attempted sale had been valid, it would be necessary to reach this issue. The facts do not show, however, that there was a contract of sale in the first instance.

Pursuant to the terms of SDCL 9–27–17 to 9–27–28, a municipality may sell real property not owned and held for public use or abandoned for public purposes. To sell, the municipality must publish a notice of sale which "shall contain a description of the real property to be sold, and the time and place of sale." SDCL 9–27–20. A purported transfer of municipal property "may be ineffective or void if the publication of notice fails to comply in substance with the law, as to the form, date and duration of the notice, or as to the description of the property, or as to other matters material to the transaction." 10 E. McQuillan, The Law of Municipal Corporations, § 28.45, (3rd Ed. Rev. 1981); see *Wisconsin Gas & Electric Co. v. City of Fort Atkinson*, 193 Wis. 232, 213 N.W. 873 (1927); 2A C. Antieau, Municipal Corporation Law, § 20.35 (1981).

In the absence of an accurate description of the property intended to be sold, the city was without the authority to convey the property or to enter into a contract of sale. There was no contract upon which appellant could base an action for breach. Cf. *Northern Hills Sanitation, Inc. v. Board of Commissioners*, 272 N.W.2d 835 (S.D.1978): (Contracts entered into in violation of statutory bidding requirements are void. SDCL 5–18–19.)

The order of the circuit court is affirmed.